IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| CLEVELAND TURNER, | ) | |
| AIS #223563, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 2:05-CV-42-MHT |
| | ) | [WO] |
| | ) | |
| JAMES DELOACH, *et al.,* | ) | |
| | ) | |
| Defendants. | ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

In this 42 U.S.C. § 1983 action, Cleveland Turner ["Turner"], a state inmate, alleges that the defendants violated his constitutional rights by using excessive force against him on November 21, 2004 during his incarceration at the Draper Correctional Facility ["Draper"]. The plaintiff names James DeLoach, the warden of Draper Correctional Facility, and Marvin Thomas and Virgil Smiley, correctional officers assigned to Draper at the time of the alleged use of force, as defendants in this cause of action.

The defendants filed a special report and supporting evidentiary materials addressing Turner's claims for relief. In accordance with the instructions contained in the order entered on February 24, 2005 (Court Doc. No. 9), the court deems it appropriate to treat this report as a motion for summary judgment. Thus, this case is now pending on the defendants' motion for summary judgment. Upon consideration of

such motion, the evidentiary materials filed in support there of, and the plaintiff's response in opposition to this motion, the court concludes that the defendants' motion for summary judgment is due to be granted in part and denied in part.

## I. BACKGROUND

On November 21, 2004, officers at Draper Correctional Facility, including defendants Smiley and Thomas, responded to a physical altercation between inmate Joshua Gentry and officer Joseph Zeigler. The officers ordered that all inmates in the area return to their assigned beds. Turner "was baracaded (sic) between two beds that had slid to the wall" and could not gain access to his bed "because that is where inmate Joshua Gentry is handcuffed." *Plaintiff's Complaint - Court Doc. No. 1* at 5. At this time, "[f]or no apparent reason [officer] Thomas slapped and punched [the plaintiff] in the face numerous ... times.... Not one time did Sgt. Smiley attempt to stop [officer] Thomas from physically assaulting [the plaintiff]." *Id.* Turner contends he suffered "a busted lip and bruise on the left side of his face" as a result of officer Thomas' actions. *Plaintiff's Response in Opposition to the Defendants' Special Report - Court Doc. No. 10-2* at 2 -- *Affidavit of Cleveland Turner* at 2.

The defendants deny violating the plaintiff's constitutional rights. Specifically, defendant DeLoach affirms he had no personal involvement with the incident about which the plaintiff complains, a fact the plaintiff does not challenge, and asserts that the actions of the officers did not occur as the result of any policy he enacted. In light of

2

these assertions, the plaintiff requested that defendant DeLoach be dismissed from this cause of action. *Plaintiff's Response in Opposition to the Defendants' Special Report - Court Doc. No. 10* at 7 ("[T]he plaintiff request that this Honorable Court dismiss Warden James Deloach as a Defendant...."). Additionally, defendant Thomas contends that he did not slap or punch the plaintiff. In support of his defense, Thomas maintains that he "gave [inmate Cleveland Turner] several direct orders to report to his assigned bed. [Turner] ... did not comply with the orders given. At that time, I placed my right hand on inmate Turner's left shoulder and escorted him in the direction of his assigned bed. At no time did I conduct myself in an unprofessional manner. Nor did I slap or hit inmate Turner. No further action was taken." *Defendants' Exhibit 3 - Affidavit of Marvin Thomas* at 1-2. Defendant Smiley maintains that "[a]t no time did I observe Officer Thomas nor any other officer using force ... toward inmate Cleveland Turner...." *Defendants' Exhibit 2 - Affidavit of Marvin Thomas* at 2.

## II.  STANDARD OF REVIEW

To survive the defendants' properly supported motion for summary judgment, Turner is required to produce "sufficient [favorable] evidence" which would be admissible at trial supporting his claims of constitutional violations. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986); Rule 56(e), *Federal Rules of Civil Procedure*. Specifically, he must "go beyond the pleadings and ... designate 'specific facts showing that there is a genuine issue for trial.'" *Celotex Corp. v. Catrett*, 477

U.S. 317, 324 (1986). "If the evidence [on which the nonmoving party relies] is merely colorable ... or is not significantly probative ... summary judgment may be granted." *Anderson v. Liberty Lobby*, 477 U.S. at 249-250.  "A mere 'scintilla' of evidence supporting the opposing party's position will not suffice; there must be enough of a showing that the [trier of fact] could reasonably find for that party.  *Anderson v. Liberty Lobby*, 477 U.S. 242, 106 S.Ct. 2505, 2512, 91 L.Ed.2d 202 (1986)."  *Walker v. Darby*, 911 F.2d 1573, 1576-1577 (11th Cir. 1990).  A plaintiff's conclusory allegations similarly do not provide sufficient evidence to oppose a motion for summary judgment.  *Harris v. Ostrout*, 65 F.3d 912, 916 (11th Cir. 1995); *Fullman v. Graddick*, 739 F.2d 553, 556-557 (11th Cir. 1984).  Thus, when a plaintiff fails to make a showing sufficient to establish the existence of an element essential to his case and on which the plaintiff will bear the burden of proof at trial, summary judgment is due to be granted in favor of the moving party.  *Celotex*, 477 U.S. at 322 ("[A] complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial."); *Barnes v. Southwest Forest Industries, Inc.*, 814 F.2d 607, 609 (11th Cir. 1987) (if on any part of the prima facie case the plaintiff presents insufficient evidence to require submission of the case to the trier of fact, granting of summary judgment is appropriate).

To demonstrate a genuine issue of material fact, the party opposing summary judgment "must do more than simply show that there is some metaphysical doubt as to

the material facts....  Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine issue for trial.'"  *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).  Consequently, where the evidence before the court which is admissible on its face or which can be reduced to admissible form indicates that there is no genuine issue of material fact and that the party moving for summary judgment is entitled to it as a matter of law, summary judgment is proper.  *Celotex*, 477 U.S. at 323-324 (summary judgment is appropriate where pleadings, evidentiary materials and affidavits before the court show there is no genuine issue as to requisite material fact); *Waddell v. Valley Forge Dental Associates, Inc.*, 276 F.3d 1275, 1279 (11th Cir. 2001) (to establish a genuine issue of material fact, the nonmoving party must produce evidence such that a reasonable trier of fact could return a verdict in his favor).

　　Although factual inferences must be viewed in a light most favorable to the nonmoving party, and *pro se* complaints are entitled to liberal interpretation by the courts, a *pro se* litigant does not escape the burden of establishing a genuine issue of material fact.  *Brown v. Crawford*, 906 F.2d 667, 670 (11th Cir. 1990).  In this case, Turner has demonstrated a genuine issue of material fact in order to preclude summary judgment with respect to his claims against defendants Thomas and Smiley.  *Matsushita*, *supra*.  However, Turner concedes defendant DeLoach is entitled to summary judgment as a matter of law and seeks dismissal of his claims against this

defendant.  *Plaintiff's Response in Opposition to the Defendants' Special Report - Court Doc. No. 10* at 7.

### III.  DISCUSSION

### A.  Absolute Immunity

To the extent Turner sues the defendants in their official capacities, they are immune from monetary damages.  Official capacity lawsuits are "in all respects other than name, ... treated as a suit against the entity."  *Kentucky v. Graham*, 473 U. S. 159, 166 (1985).  "A state official may not be sued in his official capacity unless the state has waived its Eleventh Amendment immunity, *see Pennhurst State School & Hospital v. Halderman*, 465 U.S. 89, 100, 104 S.Ct. 900, 908, 79 L.Ed.2d 67 (1984), or Congress has abrogated the state's immunity, *see Seminole Tribe v. Florida*, [517 U.S. 44, 59], 116 S.Ct. 1114, 1125, 134 L.Ed.2d 252 (1996).  Alabama has not waived its Eleventh Amendment immunity, *see Carr v. City of Florence*, 916 F.2d 1521, 1525 (11th Cir. 1990) (citations omitted), and Congress has not abrogated Alabama's immunity.  Therefore, Alabama state officials are immune from claims brought against them in their official capacities."  *Lancaster v. Monroe County*, 116 F.3d 1419, 1429 (11th Cir. 1997).

In light of the foregoing, it is clear that the defendants are state officials entitled to Eleventh Amendment immunity when sued in their official capacities.  Thus, the defendants are entitled to absolute immunity from the claims asserted by the plaintiff

against them in their official capacities.

## B.  Individual Capacity Claims

1.  <u>Warden James Deloach</u>.  It is undisputed that defendant DeLoach did not participate in the use of force about which the plaintiff complains.  Moreover, the evidentiary materials submitted by the defendants demonstrate that the actions about which Turner complains did not occur pursuant to a policy enacted by DeLoach.  The language of 42 U.S.C. § 1983 requires proof of an affirmative causal connection between the actions taken by a defendant and the alleged constitutional deprivation. *Jones v. Preuit & Mauldin*, 851 F.2d 1321 (11th Cir. 1988).  The plaintiff has failed to come forward with any evidence demonstrating existence of the requisite causal connection with respect to his claims against defendant DeLoach.

To the extent Turner maintains that defendant DeLoach is liable for the actions of a correctional officer due to his supervisory role as warden, the plaintiff's claims must likewise fail.  The law is well settled that a defendant cannot be held liable in an action brought pursuant to 42 U.S.C. § 1983 under the theory of respondeat superior or on the basis of vicarious liability.  *Belcher v. City of Foley*, 30 F.3d 1390, 1396 (11th Cir. 1994); *Brown v.* Crawford, 906 F.2d 667, 671 (11th Cir. 1990); *Zatler v. Wainwright*, 802 F.2d 397, 401 (11th Cir. 1986).  The court therefore concludes that the motion for summary judgment with respect to Turner's claims against defendant DeLoach is due to be granted.     2.  <u>Officer Marvin Thomas and Sgt. Virgil Smiley</u>.

Defendants Thomas and Smiley argue that they are entitled to qualified immunity on the plaintiff's excessive force claim. However, the law of this Circuit precludes a defense of qualified immunity in cases alleging excessive force in violation of the Eighth Amendment because the use of force "maliciously and sadistically to cause harm" is clearly established to be a constitutional violation. *Skrtich v. Thornton*, 280 F.3d 1295, 1301 (11th Cir. 2002), citing *Hudson v. McMillian*, 503 U.S. 1 (1992), and *Whitley v. Albers*, 475 U.S. 312 (1986). "Moreover, an officer who is present at the scene and who fails to take reasonable steps to protect the victim of another officer's use of excessive force can be held personally liable for his nonfeasance." *Skrtich*, 280 F.3d at 1301. Thus, a qualified immunity defense is not available when a plaintiff alleges the use of excessive force and the only question for a federal district court is whether the plaintiff has alleged facts sufficient to survive a motion for summary judgment, unless the force used was *de minimis* in nature. *Id.* at 1302; *see also Hudson,* 503 U.S. at 9-10; *Harris v. Chapman*, 97 F.3d 499, 505 (11th Cir. 1996). Accordingly, this court will consider whether Turner's claim that defendant Thomas used excessive force against him and his allegation that defendant Smiley failed to prevent the use of excessive force, which the court must take as true for purposes of summary judgment, set forth violations of his Eighth Amendment rights.

> Under the Eighth Amendment, force is deemed legitimate in a custodial setting as long as it is applied "in a good faith effort to maintain or restore discipline [and not] maliciously and sadistically to cause harm." *Whitley v. Albers*, 475 U.S. 312, 320-21, 106 S.Ct. 1078, 89 L.Ed.2d 251 (1986) (quoting *Johnson v. Glick*, 481 F.2d 1028, 1033 (2d

8

>Cir.1973)); *see also Hudson v. McMillian*, 503 U.S. 1, 8, 112 S.Ct. 995, 117 L.Ed.2d 156 (1992). To determine if an application of force was applied maliciously and sadistically to cause harm, a variety of factors are considered including: "the need for the application of force, the relationship between that need and the amount of force used, the threat reasonably perceived by the responsible officials, and any efforts made to temper the severity of a forceful response." *Hudson*, at 7-8, 112 S.Ct. 995; *see also Whitley*, 475 U.S. at 321, 106 S.Ct. 1078; *Harris v. Chapman*, 97 F.3d 499, 505 (11th Cir. 1996). From consideration of such factors, "inferences may be drawn as to whether the use of force could plausibly have been thought necessary, or instead evinced such wantonness with respect to the unjustified infliction of harm as is tantamount to a knowing willingness that it occur." *Whitley*, 475 U.S. at 321, 106 S.Ct. 1078 (quoting *Johnson,* 481 F.2d at 1033).

*Skrtich*, 280 F.3d at 1300-1301.

In *Hudson*, the Court held that the use of excessive physical force against a prisoner may constitute cruel and unusual punishment even though the prisoner does not suffer serious injuries. *Id*. 503 U.S. at 9; *but see Johnson v. Glick,* 481 F.2d 1028, 1033 (2nd Cir. 1973) ("Not every push or shove, even if it may later seem unnecessary in the peace of a judge's chambers, violates a prisoner's constitutional rights"). An excessive force claim likewise "necessarily excludes from constitutional recognition *de minimis* uses of physical force, provided that the use of force is not a sort 'repugnant to the conscience of mankind.'" *Hudson*, 503 U.S. at 9-10 (quoting *Whitley*, 475 U.S. at 327). In *Hudson*, the Court did not define "*de minimis* use of force" but suggested that the degree of injury received is at least relevant to determining whether more than *de minimis* force was used. *Id.* at 10.

Turner contends that defendant Thomas employed a use of force which was excessive, unprovoked and unjustified. He argues that Sgt. Smiley failed to intervene and protect him from assault by officer Thomas. Defendant Thomas denies utilizing excessive force against Turner and defendant Smiley denies seeing defendant Thomas using force on Turner.

It is questionable whether Turner suffered anything more than minor injuries as a result of defendant Thomas' alleged unconstitutional conduct, but the injuries he received are only one factor for consideration. While the absence of serious injury is relevant to an Eighth Amendment inquiry, it does not end this inquiry. *Hudson*, 503 U.S. at 7; *Skrtich*, 280 F.3d at 1304 n.8, citing *Perry v. Thompson*, 786 F.2d 1093, 1095 (11th Cir. 1986); *see also Smith v. Mensinger*, 293 F.3d 641, 649 (3rd Cir. 2002) (considering the *de minimis* nature of injuries is an issue of fact to be resolved by the fact finder based on the totality of the evidence); *Brooks v. Kyler*, 204 F.3d 102, 103 (3rd Cir. 2000) (holding that there is "no fixed minimum quantity of injury that a prisoner must prove that he suffered" in order to state an excessive force claim). The court must also consider the need for the application of force, the amount of force exerted, the threat reasonably perceived by the official and any efforts to temper the severity of the forceful response. *Skrtich*, 280 F.3d at 1305 n.9.

As indicated herein, Turner contends that defendant Thomas employed the use of physical force against him for no apparent reason and while he posed no threat, and that defendant Smiley observed this altercation but failed to intervene on his behalf. The

defendants deny Turner's allegations regarding the use of excessive force and a failure to abate such action.  When viewing the facts in the light most favorable to Turner, this court concludes that defendants Thomas and Smiley are not entitled to qualified immunity as Turner alleges facts sufficient to survive a motion for summary judgment. *See Skrtich*, 280 F.3d at 1301.  Consequently, the motion for summary judgment with respect to the excessive force claim against defendants Thomas and Smiley is due to be denied.

### IV.  CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1.  The motion for summary judgment filed on behalf of defendant James DeLoach be GRANTED and the claims lodged against this defendant be DISMISSED with prejudice.

2.  Defendant DeLoach be DISMISSED as a party to this cause of action.

3.  The motion for summary judgment with respect to the excessive force claim against defendants Thomas and Smiley be DENIED.

4.  The plaintiff's excessive force claim against defendants Thomas and Smiley be set for a jury trial.

It is further

ORDERED that on or before June 25, 2007 the parties may file objections to the Recommendation.  Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party is objecting.  Frivolous,

conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done this 12th day of June, 2007.

/s/ Wallace Capel, Jr.
WALLACE CAPEL
UNITED STATES MAGISTRATE JUDGE